FOSTER, Plaintiff in error, vs. THE STATE, Defendant in error.

*February 12—March 2, 1915.*

*Criminal law and practice: Plea of guilty by person committed for trial: Jurisdiction: Sentence: Modification: Discretion.*

1. At his own request, though not in writing, an accused person who had been committed for trial at the next term of the circuit court, appeared before the court with counsel, was arraigned, and pleaded guilty. Afterwards, without objection, evidence was taken to enable the court to determine the proper judgment, and sentence was pronounced. *Held,* that the court had full jurisdiction of the matter and there was no irregularity.

2. After pleading guilty as above stated and being sentenced to imprisonment, the accused, upon an affidavit that he had been induced to plead guilty by a promise which he supposed came from the district attorney that he would be punished by fine only, and that he was innocent of the offense, applied to have the judgment changed to a fine, or for a new trial. The district attorney deposed that he had made no promise directly or indirectly and that the plea of guilty was wholly voluntary. *Held,* that there was no abuse of discretion in denying the application.

ERROR to review a judgment of the circuit court for Clark county: JAMES O'NEILL, Circuit Judge.  *Affirmed.*

The judgment was rendered against plaintiff in error on his plea of guilty of having committed a statutory offense under the law for the restraint and prevention of gambling.

Plaintiff in error, *Mr. Foster,* was duly charged with having committed the offense mentioned, June 26, 1913.  He duly waived any preliminary examination and was committed for trial before the circuit court.  Thereafter the prosecuting attorney of Clark county, where the offense was alleged to have been committed, filed an appropriate information.  The accused was then upon his own request arraigned before the circuit court for such county, the district attorney appearing for the state and competent counsel appearing for the defense. A plea of guilty was entered.  Later the matter was brought up for entry of judgment at which time the accused was represented by other counsel.  Some evidence was taken to enable the court to determine the proper judgment.  No objection was made thereto.  Sentence was then, in due form, entered, that the accused should be punished by confinement in the county jail of Clark county for six months from and after June 28, 1913.  On July 28th thereafter the accused was again before the court represented by counsel.  He then filed an affidavit to the effect that he was induced to enter a plea of guilty by a promise, which he supposed came from the district attorney, that he would be punished by fine only, and that he was innocent of the offense charged against him.  On such affidavit application was made for an order modifying the judgment so as to permit the accused to go free upon payment of a fine, or setting the conviction aside and granting a new trial.  The district attorney filed a counter affidavit to the effect that he did not, directly or indirectly, make any promise to the accused for the purpose of inducing him to enter a plea of guilty, nor make any promise whatever, and that such plea was a wholly voluntary act.

The court denied the application.

The cause was submitted for the plaintiff in error on the brief of *Leslie A. Gilmore* and *R. J. MacBride,* and for the defendant in error on that of the *Attorney General* and *J. E. Messerschmidt,* assistant attorney general.

MARSHALL, J.   There was not even an irregularity in the action of the court, with the accused before it at his own request and represented by counsel, accepting his plea of guilty upon his being in due form arraigned on the charge made against him.   The fact that he had been committed for trial, in form, at the next term of the circuit court, instead of before the circuit court made no difference.   Upon his appearing at his own request and having the advice of counsel, the court had possession of the whole matter.

It seems that the application for a change of the judgment or for a new trial was in the nature of a plea for favor rather than the demand of a right.   Notwithstanding the general statement in the affidavit of the accused that he was not guilty of the offense charged, the primary request for a mere change of the judgment involved a confession of guilt.   In face of the affidavit of the district attorney that the plea of guilty was wholly voluntary, there is no basis for a decision that the court abused its discretion.

*By the Court.*—The judgment is affirmed.